# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-00012-GCM

| | |
|---|---|
| JAMES PARKS, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER** |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | )<br>) |
| | ) |
| Defendants. | )<br>) |

**THIS MATTER COMES** before this Court on Plaintiff's Motion to Compel 30(b)(6) Deposition and Motion for Sanctions. (Doc. No. 20). Defendant responded to this Motion. (Doc. No. 27). Plaintiff replied to that response. (Doc. No. 29). Thus, this matter is ripe for disposition.

On January 2, 2019, Plaintiff moved for an extension of time in which to file his response to Defendant's Motion for Summary Judgment. (Doc. No. 28). Within that motion, Plaintiff requested the entire case be stayed pending a decision on the Motion to Compel 30(b)(6) deposition. In the alternative, Plaintiff requested an extra fourteen (14) days in which to file a response to the summary judgment motion. The fourteen-day extension was not contested by Defendant. Because the Parties did not contest the extension and for good cause shown, the Court granted the Motion for Extension of Time in part, allowing Plaintiff fourteen (14) extra days in which to respond to the summary judgment motion. Having now reviewed the Motion to Compel and the associated briefs, the Court will rule on the Motion to Compel which will also decide the second form of relief requested in the Motion for Extension of Time: namely to stay the case pending the taking of the deposition.

**I.    BACKGROUND**

The following facts are limited to the facts pertinent to the Motion at bar. Plaintiff filed this case in January of 2018. The original Pre-trial Order and Case Management Plan set discovery to end on November 16, 2018. (Doc. No. 9). The Parties moved to extend that date, and the Court granted an extension of discovery until December 17, 2018. (Doc. No. 15).

On December 11, 2018, Plaintiff noticed a 30(b)(6) deposition to be taken of Defendant's corporate representative on December 17, 2018 in Wilkesboro, North Carolina. Plaintiff offered two alternative dates, both of which were after the close of discovery. In an email also sent on December 11, 2018, Defendant informed Plaintiff that Defendant objected to the Notice of Deposition on grounds that it did not provide reasonable notice. (Doc. No. 21-2). Defendant in two separate emails unequivocally told Plaintiff that Defendant would not provide a witness for the noticed deposition on December 17.

Despite this, Plaintiff showed up to the noticed deposition along with a court reporter. Defendant did not appear. Plaintiff filed this Motion to Compel on December 17. Plaintiff filed this Motion with the Court without first requesting a conference with the Court.

## II. DISCUSSION

Plaintiff argues that compelling the 30(b)(6) deposition of Defendant is appropriate in this case because Defendant failed to move for a protective order and instead "chose to pardon itself from appearance in a manner contrary to the Federal Rules of Civil Procedure and all applicable case law." (Doc. No. 21, p. 3-4). Defendant argues that compelling the deposition is inappropriate because: (1) Plaintiff failed to comply with the Court's Pre-trial Order and Case Management Plan; (2) the noticed deposition did not provide reasonable notice as contemplated under the Federal Rules; and (3) the deposition was noticed in the wrong location.

Federal Rule of Civil Procedure 30(b)(1) requires the noticing party to provide "reasonable written notice" of the date, location, and time of the deposition. Fed. R. Civ. Pro. 30(b)(1). Reasonable notice is determined on a case by case basis. However, the Western District of North Carolina has held "[s]ix total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition." *Tri Invs., Inc. v. Aiken Cost Consultants, Inc.*, No. 2:11cv4, 2011 WL 5330295, *2 (W.D.N.C. November 7, 2011). Here, the notice in question also only allowed six total days and four business days. As such, the Court finds Plaintiff's notice of deposition was defective because it failed to provide reasonable notice. Without reasonable notice, the Plaintiff cannot have given "proper notice" of the deposition for purposes of Rule 37(d)(1)(a)(i).

Plaintiff argues that Rule 37(d)(2) required Defendant to first seek a protective order to avoid the deposition. This is not the case. Rule 37(d)(2) contemplates a deposition where "proper notice" was given, and the party seeks to avoid the deposition due to its objectionable nature. Here, Defendant is not seeking to avoid the deposition because it is inherently objectionable; rather, Defendant is seeking to avoid the deposition due to improper notice of the deposition. Thus, the Court finds a protective order was not necessary.

Even if the notice provided reasonable time in which to comply, Plaintiff did not comply with the Court's Pre-trial Order. The Order specifically requires the Parties to request a conference with the Court prior to filing a motion to compel. (Doc. No. 9, p. 4). In addition, any motion to compel must include a statement that the conference requirement has been exhausted. (*Id.*). Here, Plaintiff did not comply with the Order in either respect. Thus, the Court denies Plaintiff's Motion to Compel and Motion for Sanctions because the notice was defective and because Plaintiff failed

to comply with the Court's Order. Because the Court denied Plaintiff's Motion to Compel, the Court also declines to stay the case.

## III. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Compel and Motion for Sanctions is **DENIED**. Additionally, any further relief requested in the Motion for Extension of Time outside of the fourteen-day extension in which to respond is **DENIED**. Plaintiff shall have up to and including January 16, 2019 in which to respond to Defendant's Motion for Summary Judgment.

**SO ORDERED**.

Signed: January 10, 2019

Graham C. Mullen
United States District Judge